# LAW OFFICES
# RICE MURTHA & PSORAS LLC

| | | |
|---|---|---|
| G. RANDOLPH RICE<br>JOSEPH MURTHA<br>GEORGE PSORAS, JR.<br>GREGORY J. PSORAS<br>ERIC S. LICKSTEIN | 1301 YORK ROAD, SUITE 200<br>LUTHERVILLE, MARYLAND 21093<br>(410) 583-6969<br>FAX (410) 583-4706<br>jmurtha@ricelawmd.com | Howard County Office<br>3697 PARK AVENUE, STE. 200<br>ELLICOTT CITY, MD 21043<br>(410) 750-6200 |

January 18, 2020

The Honorable Richard D. Bennett
United States District Judge
United States District Court
   for the District of Maryland
101 W. Lombard Street
Baltimore, Maryland 21201

    Re:    <u>United States v. Duane Burton</u>
           Criminal Nos.:    RDB-19-0164
                            RDB-09-0574
                            RDB-20-10
           Sentencing Hearing & Violation of Supervised Release Hearings
           Hearing Date: January 31, 2021

Dear Judge Bennett:

    I submit this letter in support of the rather simple and direct request that shall be made at the time of the hearing in the above-captioned matters. Undersigned counsel had not intended to submit a sentencing memorandum in these matters, but determined that it was appropriate to advise the Court of the request that will be made at the time of the hearings. I apologize for the lateness of the filing, but believe the substance of this limited correspondence will not consume much time of the court, and prefaces what shall be requested at the time of the hearing.

    Initially, Mr. Burton has consented to the hearings in the referenced matters to be conducted virtually. Contemporaneously with the filing of this letter a separate motion consenting to the virtual hearing is being filed.

    On or about December 4, 2020, the government submitted a sentencing letter requesting that the Court accept the proposed disposition in case numbers RDB-19-0164 and RDB–20-10. On behalf of Mr. Burton, I join in that request. Rather than submit a lengthy sentencing memorandum addressing the issues set forth by the government, Mr. Burton requests that the Court accept the disposition noted in the government's letter as to the two referenced cases. Additionally, since the government has addressed the factors set forth in 18 U.S.C. §3553(a), the

question then is the appropriate sentence in the violation of supervised release matter.

Mr. Burton requests that the Court impose a concurrent sentence in case number RDB-09-0574. A consecutive sentence for the supervised release violation is not necessary, and the imposition of the sentence in case numbers RDB–19-0164 and RDB-20-10 accounts for the supervised release sentencing goals.

A comparison of the statutory factors relevant to supervised release sentencing to those applicable in criminal sentencing illustrates this point. In sentencing a defendant for violating supervised release, the district court must consider the sentencing factors in 18 U.S.C. §3583(e). Section 3583(e) in turn, directs the court to the majority of the sentencing factors in 18 U.S.C. §3553(a). In other words, much of the supervised release factors are subsumed within the criminal conviction sentencing factors in section 3553(a). Therefore, when a new criminal conviction forms the basis for a supervised release violation, the new criminal sentence - assuming it is imposed first - should ordinarily be sufficient to account for the factors relevant to supervised release sentencing. As such, a concurrent sentence imposed in case number RDB-09-0574 is reasonable, sufficient, and obviously, not greater than necessary.

The Presentence Report has been reviewed by undersigned counsel and Mr. Burton. No exceptions or objections are noted.[1]

An arrest warrant for case number RDB-19-0164 was served on Mr. Burton on April 27, 2019 in Baltimore City, where Mr. Burton was held without bail. The State entered a nolle prosequi in the State matter and Mr. Burton was then taken into federal custody on May 24, 2019 for case number RDB-19-0164. Mr. Burton has been in continuous custody for the offense identified in case number RDB-19-0164 since April 27, 2019. An arrest warrant was issued in the District of Delaware for case number RDB-20-10 on April 2, 2019, but was not served on Mr. Burton and was rescinded by the United States District Court for the District of Delaware on January 8, 2020, after the Delaware case was transferred to the District of Maryland.

The arrest warrant for the violation of supervised release in case number RDB-09- 0574 was served on May 24, 2019.

Mr. Burton was initially detained in the Correctional Treatment Facility in the District of Columbia, where he became as productive as possible while being incarcerated. He obtained a

---

[1] Mr. Burton has expressed concern to undersigned counsel as to his status as a career offender and undersigned counsel has spent time on more than one occasion to review Mr. Burton's criminal history in order to ensure that he understands that his career offender status is supported by his criminal history

job assignment in the kitchen (see letter from food service supervisor, Brandon Lewis), and took classes made available to him, receiving Certificates of Completion for completing the Leadership in the Workplace and Connecting to Business programs. Unfortunately, upon the onset of the COVID-19 pandemic, and concerns regarding the size of the population housed within the District of Columbia Department of Corrections, Mr. Burton was transferred to the Federal Detention Facility in Philadelphia, where he has been housed since the Spring of 2020. Mr. Burton has not been able to obtain a job or enroll in an educational/vocational program while in Philadelphia. Mr. Burton has been able to have little contact with counsel or family while detained in the federal facility in Philadelphia.

Mr. Burton requests that the Court recommend that the Bureau of Prisons designate him to serve the sentence imposed by the Court at FCI Allenwood or FCI Berlin.

Thank you for your consideration of this limited information, which forms the basis for the request that will be made to the Court at the time of the hearing in these matters.

Sincerely,
-s-
Joseph Murtha

cc: Paul A. Riley, AUSA
JM10323

To whom this may Concern,

I am writing this letter on behalf of Duane M. Burton. I am the Food Service Director For Summit Food Service and we currently have the contract at the Central Treatment Facility DOC. I have had the pleasure of Supervising Mr. Burton during this period. He is always on time works hard and has a positive attitude. I haven't had one issue with Mr. Burton even under stressful situations. He is hard working and eager to help others when his tasks are complete. He speaks well and handles himself as if he was on the outside working for regular pay. I feel as if Mr. burton would be able to adapt well to any environment and could gain work quickly if given the opportunity to reform and try to regain a life outside this facility. I am confident he will succeed in the work force and be able to be a productive part of society. I thank you for taking the time to read my letter and I hope it helps.

Sincerely,

Brandon Lewis
Food Service Director
Summit Food Service @ D.O.C.
Ph: (202)790-6649