IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| v. | * | Criminal Action No. RDB-19-164 |
| DUANE BURTON, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM ORDER**

Throughout 2018 and 2019, Defendant Duane Burton ("Defendant") robbed three banks throughout Maryland and Delaware and was convicted of orchestrating these robberies. (Plea Ag't 11, ECF No. 33.) On April 2, 2019, a federal grand jury issued a two-count Indictment charging Burton with violations of 18 U.S.C. § 2113 and 18 U.S.C. § 2. (Indictment, ECF No. 1.) On January 17, 2020, Burton pleaded guilty to Count One of the Indictment, alleging bank robbery in violation of 18 U.S.C. § 2113(a) and (f). (Plea Ag't ¶ 1.) Pursuant to Rule 11(c)(1)(C), the parties stipulated to an agreed sentence of 144 months. (Id. ¶ 10.) One year later, on January 21, 2021, this Court sentenced Burton to the agreed term of 144 months imprisonment followed by three years of supervised release. (Judgment 2, ECF No. 51.)

On July 2, 2020, Burton *pro se* filed a Motion for Compassionate Release prior to his sentencing. (ECF No. 39). In the years following his sentencing, Burton filed several supplemental documents that are of relevance to Burton's Motion for Compassionate Release.

(*See* ECF Nos. 74, 78, 88.) Across these submissions, each of which was filed *pro se*, Burton alleges extraordinary and compelling circumstances due to generalized danger from Covid-19. (Correspondence 1–3, ECF No. 74.) Further, Burton explains that he committed three bank robberies because he was laid off and felt pressure to pay his bills. (Mot. to Reopen 6, ECF No. 78). Finally, Burton argues that because of this, if released, he will not pose a danger to the community because he only wants to work and help his family. (Correspondence 5, ECF No. 74). This Court has reviewed Burton's submissions and finds no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons that follow, Burton's Motion for Compassionate Release is hereby **DENIED**.

## BACKGROUND

The underlying facts were agreed to by the parties and stipulated in Burton's plea agreement. (See Plea Ag't 11–12.) Defendant Duane Burton ("Burton") has two prior federal convictions for bank robbery. (*Id.* at 11.) While on supervised release for one of these offenses, Burton robbed three banks located in Delaware and Maryland, and stole over $ 7,300.00. (*Id.*) For all three robberies, Burton was identified wearing similar clothing and glasses, and for two of the robberies, he wore gray New Balance shoes. (*Id.*) On February 27, 2019, law enforcement executed a federal search warrant for Burton's residence and found the gray sneakers he had worn during the robberies. (*Id.* at 12.) Defendant was arrested that same day. (*Id.*) Following his arrest, Burton waived his Miranda rights and admitted to robbing WSFS Bank in Newark, Delaware; PNC Bank in Howard County, Maryland; and Bank of America in Baltimore City, Maryland. (*Id.*)

On April 2, 2019, a federal grand jury returned an indictment charging Burton with two counts of bank robbery, in violation of 18 U.S.C. § 2113 and 18 U.S.C. § 2. (Indictment, ECF No. 1.) Around the same time, Burton was indicted on a single count of bank robbery in the United States District Court for the District of Delaware. (*See* Del. Indictment, ECF No. 1-1, Case No. RDB-20-10.) The Delaware case was transferred to the District of Maryland pursuant to Fed. R. Crim. P. 20, and the two cases were consolidated before the undersigned judge with the consent of both parties. (Consent to Transfer, ECF No. 1, Case No. RDB-20-10; *see also* Transfer Correspondence, ECF No. 30; Dec. 18, 2019 Ord., ECF No. 31.)

On January 17, 2020, Burton pleaded guilty to Count One of the Maryland Indictment and Count One of the Delaware Indictment, each alleging bank robbery in violation of 18 U.S.C. § 2113(a). (Plea Ag't ¶1.)[1] Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties stipulated to an agreed sentence of 144 months, but reached no agreement as to the appropriate sentence for his violation of supervised release. (*Id.* ¶ 10.) The parties stipulated that Burton was to be classified as a career offender under Section 4B1.1(a) of the advisory United States Sentencing Guidelines, due to two his prior felony convictions for bank robbery. (*Id.* ¶ 6(e).) This classification yielded a guideline range of 151 to 188 months imprisonment and a final offense level of 29. (*Id.* ¶ 6(g); Statement of Reasons, ECF No. 52 *SEALED*.) Thereafter, this Court sentenced Burton to the agreed 144 months imprisonment for the bank robbery charges, with credit for time served in federal custody since May 24, 2019, and 24 months' imprisonment for his violations of supervised release, to

---

[1] Concurrently, Burton agreed to plead guilty to violations of supervised release in a separate case related to his prior convictions. (Id. (referencing Case No. RDB-09-0574, initially before Judge Hollander and designated Case No. ELH-09-0574).)

run consecutively. (Judgment 2, ECF No. 51; *see also* Gov't Resp. Opp. Mot. Vacate, ECF No. 89.)

On July 2, 2020, prior to sentencing, Burton filed an unnamed motion that was liberally construed as a Motion for Compassionate Release by this Court. (ECF No. 39.) Burton supplemented his Motion for Compassionate Release through his Motion to Vacate and related filings. (ECF No. 54, 69, 76, 77, 78, 91).[2] Burton's Motion for Compassionate Release, now pending, is hereby **DENIED** for the following reasons.

## ANALYSIS

As Burton has filed his motion *pro se*, his arguments are afforded a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (holding that pro se filings are "held to less stringent standards than formal pleadings drafted by lawyers" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1975))); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The First Step Act of 2018, Pub. L. No. 115–391, 132 Stat. 5194, established significant changes to the procedures involving compassionate release from federal prison. Prior to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) provided the Bureau of Prisons ("BOP") with sole discretion to file compassionate release motions with the Court. With the passage of the First Step Act, defendants are now permitted to petition federal courts directly for compassionate release whenever "extraordinary and compelling reasons" warrant a reduction in sentence. The Act permits a defendant to seek a sentence reduction after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of

---

[2] On March 16, 2023, Burton's Motion to Vacate was denied.

the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Once these mandatory conditions are satisfied, this Court may authorize compassionate release upon a showing of "extraordinary and compelling reasons" warranting a reduction and after weighing the factors presented in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i).

## I.        Administrative Exhaustion Requirements

As an initial matter, Burton has not satisfied the preconditions to filing his Motion for Compassionate Release. Burton's Motion for Compassionate Release, filed on July 2, 2020, prior to sentencing, does not include proof that Burton submitted a request to the warden of his facility requesting that a motion for compassionate release be filed on his behalf. (Mot. Comp. Release, ECF No. 39.) Since Burton has failed to exhaust his administrative remedies, his motion is not properly before this court and must be denied. *See* 18 U.S.C. § 3582(c)(1)(A).

## II.       Extraordinary and Compelling Reasons

Even if Burton had met the administrative exhaustion requirements, he has not sufficiently alleged extraordinary and compelling circumstances to warrant further consideration of his motion. The United States Sentencing Commission is charged with defining "what should be considered extraordinary and compelling reasons for sentence reduction" under 18 U.S.C. § 3582(c)(1)(A). 28 U.S.C. § 994(t). Of relevance here, the Commission has determined that "extraordinary and compelling reasons" exist where a defendant is "suffering from a serious physical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A). Similarly, a defendant who is "(i) at least 65 years old; (ii) is experiencing a serious deterioration in physical

or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less," faces extraordinary and compelling circumstances that may justify release. U.S.S.G. § 1B1.13 cmt. n.1(B). Finally, the Commission has authorized the Bureau of Prisons to identify other extraordinary and compelling reasons "other than, or in combination with" the reasons identified by the Commission. U.S.S.G. § 1B1.13 cmt. n.1(D).

Although potentially useful guides, neither the Sentencing Commission's Guidelines nor the Bureau of Prisons' regulations constrain this Court's analysis. *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020) (holding that U.S.S.G. § 1B1.13 is not an "applicable policy statement" for compassionate release motions filed by a defendant in the wake of the First Step Act). As Judge Blake of this Court has recognized, the First Step Act embodies Congress's intent to reduce the Bureau of Prisons' authority over compassionate release petitions and authorizes the district courts to exercise their "independent discretion to determine whether there are 'extraordinary and compelling reasons' to reduce a sentence." *United States v. Bryant*, CCB-95-0202, 2020 WL 2085471, at *2 (D. Md. Apr. 30, 2020); *accord McCoy*, 981 F.3d at 281 (holding that "the First Step Act allows courts independently to determine what reasons, for purposes of compassionate release, are 'extraordinary and compelling'").

Burton offers one extraordinary and compelling reason for compassionate release. Construed liberally, Burton alleges that the danger of Covid-19 poses a threat to him, and that his prison has failed to take proper Covid-19 precautions. (Mot. for Compassionate Release 1, ECF No. 39). These general allegations about Covid-19 are not "extraordinary and compelling," as explained below.

This Court has determined that a heightened susceptibility to COVID-19 may contribute "extraordinary and compelling" reasons for a sentence reduction. See, e.g., *United States v. Hurtt*, 14-0479, 2020 WL 3639987, at *1 (D. Md. July 6, 2020). However, "the coronavirus is not tantamount to a get out of jail free card." *United States v. Hiller*, 18-0389, 2020 WL 2041673, at *4 (D. Md. Apr. 28, 2020). For Covid-19 to be an "extraordinary and compelling" circumstance, the defendant must allege that they have a medical condition that puts them at higher risk, or that they have taken measures, such as vaccination, to protect themselves. *See United States v. Petway,* No.21-6488, 2022 WL 168577 at *2 (D.Md. 2022) (considering individual's "particularized susceptibility" and Covid-19 vaccination status to evaluate if Covid-19 is "extraordinary and compelling"). Here, Burton has not properly alleged particularized susceptibility to Covid-19. Therefore, Burton has not alleged an extraordinary and compelling circumstance.

### III.        18 U.S.C. § 3553(a) Factors

Even if Burton had met requirements of administrative exhaustion and extraordinary and compelling reasons, the 18 U.S.C. § 3553(a) factors do not warrant release. A court must conduct an "individualized assessment" of a defendant's circumstances under 18 U.S.C. § 3553(a) to determine whether he is eligible for a sentence reduction. *McCoy*, 981 F.3d at 286. These factors require this Court to consider: (1) the defendant's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted

sentencing disparities among similarly-situated defendants. 18 U.S.C § 3582(c)(1)(A); 18 U.S.C. § 3553(a). On balance, the 18 U.S.C. § 3553(a) factors do not permit release.

Construed liberally, defendant argues that his personal history and characteristics warrant release. He contends that after being released from prison in 2017, he maintained a positive attitude, lived in an apartment with his two daughters, worked two jobs, was attending school to become a commercial truck driver, and was a part of the community. (Mot. to Reopen 5, ECF No. 79; Mot. to Set Aside 5, ECF No. 88.) Burton also explains that compassionate release is justified because of his reentry plan. Burton has supplied the Court with a letter from the Bridge Center at Adam's House Reentry Program, which explains the services provided by the program and emphasizes that they are excited to have Burton in their program upon his release. (Letter, ECF No. 88-1.) Despite these circumstances, the § 3553(a) factors do not warrant release.

The record reveals that Burton is a danger to the community and is prone to recidivism. Shortly after Burton was released from prison, having served several years for bank robbery, Burton decided to rob three more banks in order to pay his bills. (Mot. to Reopen 6, ECF No. 78). Bank robbery is an extremely serious crime. Burton's three bank robberies only several months after being released from prison indicate that more deterrence is required to dissuade Burton from committing crimes. Accordingly, incarceration is necessary to both dissuade Burton from orchestrating future bank robberies and to protect the public. Therefore, Defendant's personal history and characteristics, and the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime,

and protect the public strongly warrant continued incarceration. Therefore, the 18 U.S.C. § 3553(a) factors do not justify release.

## CONCLUSION

For the reasons stated above, it is hereby **ORDERED** this 31st day of March, 2023, that Defendant Duane Burton's Motion for Compassionate Release (ECF No. 39) is **DENIED**.

Date: 3/30/2023              _____/s/_____
                             Richard D. Bennett
                             United States District Judge